FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**November 14, 2025**

Christopher M. Wolpert
**Clerk of Court**

JENNIFER BLAINE,

      Plaintiff - Appellant,

v.

MYSTERE LIVING &
HEALTHCARE, INC.,

      Defendant - Appellee.

------------------------------------

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Amicus Curiae.

No. 24-3121
(D.C. No. 2:22-CV-02471-TC)
(D. Kan.)

—————————————————————

**ORDER AND JUDGMENT**[*]

—————————————————————

Before **MATHESON**, **KELLY**, and **BACHARACH**, Circuit Judges.

—————————————————————

This case involves shifting allegations in an employment dispute.

The dispute led the plaintiff to resign and then to sue her former

employer. In the suit, the plaintiff has characterized her resignation as a

---

[*]    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

source of harm; but when she appealed, she changed her allegations about the nature of her resignation and how she had been harmed.

In district court, the plaintiff alleged harm based on constructive discharge. On appeal, she jettisons her allegation of constructive discharge and concedes that she voluntarily quit, gave two weeks' notice, and obtained payment for the notice period. Despite these concessions, the plaintiff argues on appeal that she was harmed when the employer didn't allow her to work for most of her notice period. The resulting question is whether we can reverse when the plaintiff abandons the allegation of harm presented in district court. We answer *no*.

1.    **The plaintiff resigns and sues unsuccessfully after complaining of sexual harassment.**

The plaintiff, Ms. Jennifer Blaine, worked at an assisted living facility called *Wellsville Health & Rehab*. While she worked there, Ms. Blaine complained about a coworker's sexual harassment. Ms. Blaine later quit, giving Wellsville two weeks' notice. Three days after receiving the notice, Wellsville informed Ms. Blaine that (1) this would be her last day and (2) she would be paid for the whole notice period.

Ms. Blaine sued, claiming retaliation and sex discrimination under Title VII of the Civil Rights Act of 1964.[1] On both claims, the district

---

[1]    She also claimed a hostile work environment, but she drops that claim on appeal.

court granted summary judgment to Wellsville, reasoning that Ms. Blaine had failed to show either harm or a constructive discharge.

## 2.    Ms. Blaine changes her allegations for both claims.

In this appeal, Ms. Blaine continues to press her claims for sex discrimination and retaliation. For both claims, however, she changes her allegations of harm. In district court, she alleged harm from constructive discharge,[2] relying on Wellsville's failure to stop the sexual harassment. The district court rejected this allegation, reasoning that the conditions hadn't been severe enough to constitute a constructive discharge.

Ms. Blaine argues on appeal that the district court assessed harm under the wrong standards. But this argument no longer fits because the district court applied the disputed standards to allegations that Ms. Blaine has abandoned.

In their place, Ms. Blaine argues on appeal that Wellsville should have let her work another eleven days so that she could say goodbye to coworkers and residents.[3] But Ms. Blaine didn't present this argument

---

[2]    Wellsville says that Ms. Blaine also based her claim of sex discrimination on different policies for male and female employees involving sexual harassment of female employees. This claim appeared in the final pretrial order, but not in Ms. Blaine's objection to summary judgment.

[3]    Ms. Blaine also argues on appeal that she was terminated when told that she didn't have to work through the notice period. But Ms. Blaine acknowledges that she was paid for this period and received all of the

when responding to Wellsville's motion for summary judgment. As a result, the district court couldn't consider whether the inability to say goodbye would have supported a claim of sex discrimination or retaliation. And we ordinarily decline to reverse an award of summary judgment based on a theory that the appellant didn't present in district court. *See Murphy v. City of Tulsa*, 950 F.3d 641, 645 (10th Cir. 2019) (stating that the court of appeals limits review of summary judgment motions to arguments made in district court).

Ms. Blaine nonetheless argues in her reply brief that (1) the district court resolved the issue of harm and (2) the court's errors were plain. These arguments disregard Ms. Blaine's failure to preserve the new allegation of harm.

For example, Ms. Blaine observes that the district court decided that Ms. Blaine's harm hadn't been severe enough to create liability for sex discrimination or retaliation. This observation is beside the point: Ms. Blaine acknowledges that she needed to show "some harm" to recover for either sex discrimination or retaliation. Plaintiff's Opening Br. at 9, 27–28. For both claims, Ms. Blaine argues that the district court applied the wrong tests when assessing the harm. *Id.* at 10–11, 13, 18–22, 27–28.

---

required benefits. She appears to base harm from the alleged termination on her inability to say goodbye to coworkers and residents.

On appeal, however, Ms. Blaine changes her allegation of harm. In district court, she identified the harm as her need to quit because of the sexual harassment. On appeal, she abandons this allegation, characterizing the harm as the inability to say goodbye to coworkers and residents during the notice period. *Id.* at 12, 21, 23. With this new characterization of the harm, Ms. Blaine argues that the district court applied the wrong standards to assess an allegation of harm that she has abandoned.

Ms. Blaine also argues in her reply brief that the district court's use of the wrong standards would have constituted *plain error*. For the sake of argument, let's assume that Ms. Blaine could assert plain error for the first time in her reply brief. *See United States v. Faunce*, 66 F.4th 1244, 1247 n.2 (10th Cir. 2023) (assuming for the sake of argument that the appellant could request plain-error review for the first time in a reply brief).[4]

---

[4]    We ordinarily consider unpreserved arguments only if the appellant's opening brief includes an argument for plain error. *See United States v. Portillo-Uranga*, 28 F.4th 168, 177 (10th Cir. 2022) (stating that we typically consider an unpreserved argument only if the appellant urges plain-error review in the opening brief). But "a meaningful assertion in an opening brief that an issue is preserved advances an argument that this court should exercise its discretion to take up a plain-error argument raised for the first time in a reply brief." *United States v. Paycer*, No. 23-5120, 2025 WL 2652831, at *4 (10th Cir. Sept. 16, 2025) (to be published); *see also United States v. Zander*, 794 F.3d 1220, 1232 n.5 (10th Cir. 2015) ("We hold that Defendant adequately addressed the issue of plain error in his reply to the government's brief, after arguing in his opening brief that his objections below were sufficiently raised to be preserved for review on appeal."). But Ms. Blaine didn't argue in her opening brief that she had preserved her theory involving an inability to say goodbye. Absent such an argument, we need not decide whether Ms. Blaine could raise plain error

With this assumption, the pertinent question would be whether the district court plainly erred by failing to recognize harm from Ms. Blaine's inability to say goodbye to coworkers and residents. An alleged error would be considered *plain* only if it had been obvious. *Bishop v. Smith*, 760 F.3d 1070, 1095 n.17 (10th Cir. 2014).

If an error had occurred, it wouldn't have been obvious to the district court because Ms. Blaine hadn't argued that she would have wanted to say goodbye to coworkers or residents. Without an argument, the district court would have had to sift through uncited record pages and devise a new theory of harm from Ms. Blaine's inability to say goodbye after quitting her job. So if the court had erred by failing to concoct that argument for Ms. Blaine, the error wouldn't have been obvious.

\* \* \*

Ms. Blaine insists that she was harmed by her inability to say goodbye to coworkers and residents. The district court never had a chance to consider this allegation, and the court couldn't have erred by

---

for the first time in her reply brief. *Cf. Platt v. Winnebago Indus., Inc.*, 960 F.3d 1264, 1273 (10th Cir. 2020) (concluding that the plaintiff waived an argument for plain error by waiting until the reply brief).

misanalyzing an allegation that was never made. We thus affirm the grant of summary judgment.

Entered for the Court


Robert E. Bacharach
Circuit Judge